**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5032**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DON THOMAS, JR.,

        Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Benson Everett Legg, Chief District
Judge.  (1:04-cr-00250-BEL-4)

Submitted:  January 14, 2011        Decided:  March 4, 2011

Before NIEMEYER, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael D. Montemarano, MICHAEL D. MONTEMARANO, P.A., Elkridge,
Maryland, for Appellant.  Rod J. Rosenstein, United States
Attorney, Christopher J. Romano, Assistant United States
Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following the denial of his motion to suppress the evidence seized from his home pursuant to a search warrant, Don Thomas, Jr., entered a conditional guilty plea pursuant to which he pled guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006), and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (2006). Thomas was sentenced to 300 months' imprisonment. After he successfully obtained relief via a 28 U.S.C.A. § 2255 (West Supp. 2010) motion, the district court entered an amended criminal judgment. Thomas timely noted this appeal, challenging the denial of his motion to suppress. For the reasons that follow, we affirm.

Thomas argues that the search warrant the police obtained for his home was invalid because the warrant affidavit failed to establish probable cause, and thus that the narcotics and firearms seized upon execution of the warrant should have been suppressed. We review the district court's factual findings underlying its resolution of a motion to suppress for clear error and its legal determinations de novo. United States v. Grossman, 400 F.3d 212, 216 (4th Cir. 2005).

In reviewing the validity of a search warrant, the relevant inquiry is whether, under the totality of the

2

circumstances, the issuing judge had a substantial basis for concluding there was probable cause to issue the warrant. Illinois v. Gates, 462 U.S. 213, 238 (1983); Grossman, 400 F.3d at 217. "When reviewing the probable cause supporting a warrant, a reviewing court must consider only the information presented to the magistrate who issued the warrant." United States v. Wilhelm, 80 F.3d 116, 118 (4th Cir. 1996). This court affords "great deference" to a judicial probable cause determination. United States v. Hodge, 354 F.3d 305, 309 (4th Cir. 2004). Further, we avoid applying "'hypertechnical' scrutiny of affidavits lest police officers be encouraged to forgo the warrant application process altogether." United States v. Robinson, 275 F.3d 371, 380 (4th Cir. 2001) (quoting Gates, 462 U.S. at 236).

We have opined that, under Gates, "affidavits in support of search warrants should not be subject to [t]echnical requirements of elaborate specificity, and that a magistrate has the authority . . . to draw such reasonable inferences as he will from the material supplied to him by applicants for a warrant." United States v. Bynum, 293 F.3d 192, 197 (4th Cir. 2002) (internal quotation marks omitted, alterations in original). Here, the state court judge was presented a warrant affidavit, signed by two Baltimore County Police Department detectives, that detailed three conversations they had

3

intercepted via a court-authorized wiretap. In these conversations, Thomas and his co-conspirator repeatedly used the words "jacket" and "zipper." The detectives averred that they understood these words to refer to cocaine and cocaine packaging and offered their experiential familiarity with drug-related jargon and code words as the basis for that opinion.

The state court judge was free to accept (or reject) the detectives' opinion that these words did not refer to a bona fide jacket, but instead were code words for narcotics distribution. See, e.g., United States v. Wilson, 484 F.3d 267, 274-76 (4th Cir. 2007) (acknowledging, in the context of challenge to a police officer's expert testimony regarding the meaning of drug-related code words, that those involved in illicit drug trafficking often use jargon and coded language "to conceal the meaning of the conversation from outsiders through deliberate obscurity" (internal quotation marks omitted)). Based on our review of the record, we conclude the judge's decision to make such an inference was reasonable.

In response, Thomas asserts that the detective's testimony at the suppression hearing fatally undermined the basis of knowledge set forth in the affidavit, which was integral to the judge's probable cause determination. This argument fails, however, as it simultaneously puts too fine a point on the detective's testimony and demands the type of

4

elaborate specificity disavowed in Bynum.  Accordingly, we reject this argument and defer to the judge's probable cause determination.[*]  See Hodge, 354 F.3d at 309.

For these reasons, we affirm the district court's denial of Thomas' motion to suppress and affirm the district court's amended criminal judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] In light of this ruling, we decline to consider Thomas' alternative argument that the district court erred in concluding that the good-faith exception to the exclusionary rule applied.